UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. TREADWAY, | ) | CASE NO.  4:10 CV 2283 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN R. RUSHING, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* Plaintiff Robert C. Treadway filed this *Bivens*[1] action in the Mahoning County Court of Common Pleas against Corrections Corporation of America ("CCA"), the Northeast Ohio Correctional Center ("NEOCC"), NEOCC Warden R. Rushing, the CCA Stock Holders and the CCA Board Members. In the Complaint, Plaintiff alleges the Defendants subjected him to involuntary servitude in violation of the Thirteenth Amendment and denied him due process in violation of the Fifth Amendment. The Defendants removed the action to this federal court on October 7, 2010.

## Background

Mr. Treadway is a pretrial detainee in the custody of the United States

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).  While plaintiff cites 42 U.S.C. § 1983, there is no allegation of action under color of state law.  Mr. Treadway is a federal prisoner, in the custody of the United States Marshal.  *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

Marshals. He is under indictment in the United States District Court for the Western District of New York on charges of racketeering activity murder/kidnapping, racketeering activity maiming, and use of a machine gun to commit a violent crime. *See United States v. Koschtschuk*, No. 1:09 cr 00096 (W.D. N.Y. filed Mar. 17, 2009)(Skretny, J.). He was denied release on bond pending trial. Although he was initially housed in various New York jails, he was later transported to NEOCC in Youngstown, Ohio.

Mr. Treadway first claims he is being subjected to involuntary servitude under the Thirteenth Amendment. He indicates that NEOCC requires him to keep his cell neat and orderly. His bed must be made every day by 7:30 a.m. He and other inmates are made to keep their living areas clean, including their toilets, sinks, drinking facilities, and showers. They must also sweep, dust, and mop. In addition, inmates must stand for prisoner counts and state their names, housing units, and bunk numbers if asked. An ID must also be clipped to the prisoners' pocket. He appears to assert that because he is a pretrial detainee, he should not have to participate in the cleaning of the facility or the count procedure.

In addition, Mr. Treadway claims he was denied due process in violation of his Fifth Amendment rights. First, Mr. Treadway claims he was transferred to Ohio without due process. He was placed in the custody of the United States Marshal Service, which contracts with CCA to house federal pretrial detainees at NEOCC. Mr. Treadway states that although there are facilities within the Western District of New York, the United States Marshal has placed him in NEOCC, which is three hours from his home. Moreover, he claims he was transported in a vehicle that did not contain seat belts, which is a violation of New York traffic laws. Finally he claims he was not given a copy of the NEOCC

regulations, and was not given a trial within 180 days as set forth in Ohio Revised Code §2941.401. He contends these actions also violated his Fifth Amendment rights.

## Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

### I. Parties

Mr. Treadway fails to state a *Bivens* claim upon which relief may be granted against Warden Rushing, the CCA stock holders and the CCA board of directors. Plaintiff cannot establish the liability of any defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). There are no allegations in the Complaint that connect NEOCC Warden R. Rushing, the CCA stock holders or the members of the CCA board of directors to any of the claims Plaintiff asserts. Absent these allegations, Mr.

Treadway cannot hold these individuals liable in a *Bivens* action.

In addition, Mr. Treadway cannot bring claims against CCA for actions of its employees or others with whom it contracts. As a rule, employers may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). Instead, liability will attach only when execution of the employer's policy or custom inflicts the injury. *Id.* at 694. CCA can therefore be held liable when it unconstitutionally implements or executes a policy statement, regulation, or "decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). While requiring detainees to perform routine housekeeping functions is arguably a policy of CCA, there is no indication in the Complaint that failing to transport Mr. Treadway in a van with seat belts or failing to provide him with a copy of the NEOCC regulations was the result of a custom or policy of CCA. Moreover, the decision to transfer Mr. Treadway to NEOCC was made the United States Marshal, not by CCA. Similarly, the length of his pretrial detention is determined by the United States District Court for the Western District of New York. CCA has no control over those decisions and cannot be held liable for them.

## II.  Thirteenth Amendment

Even if Mr. Treadway alleged he was injured as a result of a policy of CCA or NEOCC, he fails to state a claim for involuntary servitude in violation of the Thirteenth Amendment. To state a claim under the Thirteenth Amendment, a plaintiff must demonstrate he was subjected to "compulsory labor akin to African slavery which in practical operation

would tend to produce like undesirable results." *Butler v. Perry*, 240 U.S. 328, 332 (1916). In support of this claim, Mr. Treadway alleges he is required to ensure that his personal living area is clean at all times. He must make his bed each morning, clean his cell, assist with cleaning the common areas, and dispose of trash. He also contends he is required to stand for inmate count and display his inmate identification. An inmate's pretrial status does not preclude a prison or jail from requiring the inmate to perform "general housekeeping responsibilities" consistent with the Constitution. *See Eberle v. Wilkinson,* No. 2:03-CV-272, 2010 WL 4918780, slip op.*7 (S.D.Ohio Nov. 24, 2010); *see also Ali v. Johnson*, 259 F.3d 317, 317-18 (5th Cir.2001)(inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work); *Tourscher v. McCullough*, 184 F.3d 236, 242 (3d Cir.1999)(finding pretrial detainees can be required to perform basic housekeeping functions); *McGarry v. Pallito*, No. 1:09-CV-128, 2010 WL 679056 (D.Vt. Feb. 27, 2010)(requiring pretrial detainee to work in prison laundry or distribute prison food does not violate Thirteenth Amendment); *Ford v. Nassau County Executive*, 41 F.Supp.2d 392, 397 (E.D.N.Y.1999)(requiring pretrial detainee to serve as a food cart worker did not implicate the Thirteenth Amendment). Mr. Treadway's allegations do not rise to the level of the Thirteenth Amendment violation.

### III. Fifth Amendment

Mr. Treadway also contends he was denied due process when he was transferred to NEOCC. As a first step in any due process inquiry, Mr. Treadway must show the Defendants deprived him of a protected liberty or property interest. He first asserts the decision to transfer him to a prison in Ohio rather than one in New York violated his rights

5

under the Fifth Amendment. A prisoner, however, has no constitutional right to be incarcerated in a particular prison or to be held under a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). He was not denied due process when he was transferred to NEOCC.

Mr. Treadway also claims he was denied due process when he was transported without seat belts, in violation of New York traffic law and when he was not given a copy of the NEOCC regulations as required by American Correctional Association standards. There is nothing in the Complaint that suggests he has a liberty or property interest in traveling in a van with seat belts or in receiving a copy of the NEOCC regulations. These allegations may present violations of state statutes or administrative regulations, but without more, they do not implicate the Due Process Clause. The Defendants cannot be said to have a federal due process obligation to follow all of the state's regulations. *Levine v. Torvik*, 986 F.2d 1506, 1515 (1993). Such a system would result in the constitutionalizing of every state statute and rule, and would not be administrable. *Id.* Nothing in the Complaint suggests Mr. Treadway was deprived of a liberty or property interest during his transportation to NEOCC or during the facility's intake process.

Finally, Mr. Treadway alleges NEOCC and CCA are holding him in violation of Ohio's speedy trial statute. Ohio Revised Code § 2941.401 applies to criminal cases brought by the State of Ohio. Mr. Treadway is a federal detainee awaiting trial in the Western District of New York. The Ohio statute is not applicable to this case.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §

1915A.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: December 16, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.